## W. H. ALLEN v. THE STATE.

### No. 8013. Decided May 21, 1924.

**1.—Theft—Indictment—Words and Phrases.**

Where the word "take" is used in the statutes defining theft, but the word "obtained" was used in the indictment, the same cannot be held to be synonymous, the motion to quash the indictment should have been sustained.

**2.—Same—Indictment—Language Used—Rule Stated.**

It is not essential that an indictment be embraced in the language of the statute; nor is it always sufficient to do so, but where the language of the statute is plain and the meaning well understood, not only from the face of the statute, but from its previous judicial interpretation, a departure from the statutory language ought not to be practiced. Following: Hardeman v. State, 16 Texas Crim. App., 1, and other cases.

**3.—Same—Words and Phrases.**

Under the statutory rule that words are to be construed in the sense in which they are understood in common language, the word "take" as applied to the offense of theft, in common language, does not have the same significance as the word "obtained."

**4.—Same—Rule Stated—Taking.**

In the present case to warrant a conviction, it was essential that the evidence show the appellant to have been connected with the original taking of the property from the possession of the owner, and the whole facts of the case tend to illustrate the propriety of embracing in the indictment the language of the statute, and the motion to quash the indictment should have been sustained.

Appeal from the District Court of Van Zandt. Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of theft over the value of fifty dollars; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Standord, Sanders & West*, for appellant.—On question of motion to quash: Hunt v. State, 229 S. W. Rep., 869; Baldwin v. State, 175 id., 701; Sparks v. State, 174 id., 353; Watt v. State, 136 id., 56.

*Tom Garrard*, Attorney for the State, and *Grover C. Morris*, Assistant Attorney for the State.

MORROW, PRESIDING JUDGE.—The offense is theft; punishment fixed at confinement in the penitentiary for a period of two years.

In Article 1329 of the Penal Code, "theft" is thus defined: "Theft is the fraudulent taking of corporeal personal property belonging to another from his possession, or from the possession of some person

holding the same for him, without his consent, with intent to deprive the owner of the value of the same, and to appropriate it to the use or benefit of the person taking.''

In drawing the indictment in the present case, the pleader, instead of using the language embraced in the statute, has charged that the appellant did unlawfully and fraudulently ''obtain'' the property without the consent of the owner. Founded upon the difference in the language used in the indictment from that used in the statute, a motion to quash the indictment was made. Complaint of the failure to sustain it is presented for review.

Article 10 of the Penal Code reads thus: ''Words which have their meaning specially defined shall be understood in that sense, though it be contrary to their usual meaning; and all words used in this Code, except where a word, term or phrase is specially defined, are to be taken and construed in the sense in which they are understood in common language, taking into consideration the context and subject matter relative to which they are employed.''

The word ''take'' is used in the statute; the word ''obtain'' is used in the indictment. While they may in a sense be interchangeable, it is believed that they are not synonymous in the sense that one may be substituted for the other in charging theft under the particular article of the statute upon which this prosecution is founded. ''Taking'' as embraced in Art. 1329, supra, has received judicial interpretation a number of times. McCoy v. State, 56 Texas Crim. Rep., 551; Michie's Ency. Digest of Texas Rep. of Crim. Cases, Vol. 5, p. 208; Hunt v. State, 89 Texas Crim. Rep., 89. What is meant by ''fraudulent taking'', as the words are used in the statute under consideration, is so well settled that their use in the indictment for theft under Article 1329, supra, leaves no room for inquiry touching their meaning. It is not essential that an indictment be embraced in the language of the statute; nor is it always sufficient to do so, but where the language of the statute is plain and the meaning well understood, not only from the face of the statute but from its previous judicial interpretation, a departure from the statutory language ought not to be practiced. See Sparks v. State, 76 Texas Crim. Rep., 263. The substitution for the language of the statute, the significance of which is well understood, of language susceptible of a different interpretation has been condemned, and in some instances has resulted in a reversal. It has, in all cases, a tendency to confusion at the trial and to increase the number of appeals. Edgerton v. State, 70 S. W. Rep., 90; Hardeman v. State, 16 Texas Crim. App., 1.

Referring to Article 10, P. C., directing that in the absence of a statute specially defining their meaning, words are to be construed in the sense in which they are understood in common language, the word ''take'', as applied to the offense of theft, in common language, does

.not have the same significance as the word "obtain." The word "obtain" embraces many ways of acquiring property not suggested by the word "take." This uncertainty is emphasized by reference to other statutes of this State which are designed to punish those who acquire property fraudulently. Some of these statutes denounce the fraudulent acquisition of property as theft, notwithstanding the property was taken with the consent of the owner. This occurs, for example, where fraudulent means are used to induce the owner to surrender the possession or where the intent of the owner was but to part with the possession and not with the title to the property. See Art. 1332 and Art. 1338, P. C.; also Williams v. State, 30 Texas Crim. App., 153, and other cases listed in Michie's Ency. Digest of Texas Rep. of Crim. Cases, Vol. 5, p. 209; also Vernon's Texas Crim. Stat., Vol. 1, p. 869. See also statute on embezzlement (Title 17, Chap. 17, P. C.) and statute denouncing the offense of swindling where the "acquisition of property" is used in describing the offense, (Title 17, Chap. 18, P. C.)

The indictment, returned in February, 1922, charges the theft of property on the 20th of August, 1921. Circumstances are relied upon to identify the appellant as the taker of the property. Winger, the owner of an automobile, had parked it on a street in the City of Fort Worth. It was taken by some one, and was next seen by him sometime in the following October. About the 18th of October, two persons were observed riding in an automobile upon the public road in Van Zandt County, near the town of Grand Saline. The car was a Buick Roadster and had been seen in Grand Saline several times. Two officers intercepted the car and the occupants got out of it and ran away. One of the parties was arrested near the place; the other escaped. The car, it seems, was afterwards identified by Winger as the one he had lost. The parties were unknown to the officers at the time. The officers testified upon the trial. According to the testimony of one of them, the appellant was one of the men who occupied the car. The other officer did not identify the appellant but said he was unable to do so. Witnesses who had seen the car at a garage in Grand Saline and had seen the two men occupying it, identified Loper, who was arrested at the time the car was recovered, as one of the men, but declared that the appellant was not the other man seen in the car.

In the present case, to warrant his conviction, it is essential that the evidence show the appellant to have been connected with the original taking of the property from the possession of the owner. This might be inferred if upon sufficient evidence the jury found that recently after the property was stolen the appellant was found in personal, exclusive and unexplained possession thereof. Field v. State, 24 Texas Crim. App., 428; Lehman v. State, 18 Texas Crim. App., 174; Russell v. State, 86 Texas Crim. Rep., 580, 587, 609, 218 S. W. Rep.,

1049; Russell v. State, 218 S. W. Rep., 1050; Rose's Notes on Texas Rep., 1910 Ed., p. 452; Ency. of Law & Proc., Vol. 25, p. 141.

Whether the possession of the automobile in the present instance, under the circumstances in which it was found two months after it was stolen, would come within the term "recent" would be a question of fact to be determined by the jury in the light of all the surrounding circumstances. Ency. of Law & Proc., Vol. 25, p. 141; Willis v. State, 24 Texas Crim. App., 584; Boyd v. State, 24 Texas Crim. App., 570; Curlin v. State, 23 Texas Crim. App., 681; Rose's Notes on Texas Rep., Vol. 5, p. 663. The remote possession, unaccompanied by other facts connecting the accused wth the taking, has been held insufficient to support the conviction. Florez v. State, 26 Texas Crim. App., 481. The recent possession is but circumstantial evidence which, when personal, exclusive and unexplained, may be treated by the jury as leading to the conclusion that the accused was connected with the original taking, which is the real subject of inquiry. Buchanan v. State, 26 Texas Crim. App., 52.

The facts in the present case are not deemed such as to require that appellant's identity as the original taker be decided against the State as a matter of law. The fact that his possession may have been joint would not necessarily be destructive of the State's evidence, as he might have been a principal in the taking. Smith v. State, 21 Texas Crim. App., 133; Burow v. State, 85 Texas Crim. Rep., 141.

Assuming the proof of his identity, the appellant's conduct and flight at the time of the attempted apprehension would in some degree be explanatory of the nature of his possession. That fact alone would not, of course, necessarily connect him with the original taking.

The whole facts of the case tend to illustrate the propriety of embracing in the indictment the language of the statute. The jury might have concluded that the appellant was identified as the possessor of the stolen property; that the possession was not remote but recent; and have inferred from his flight that his possession was not lawful, and reached the conclusion that he having "obtained" the property, his conviction was warranted though he was not present at the taking but acquired the property after it was stolen.

We are of the opinion that in refusing to quash the indictment, the learned trial judge committed error which requires that the judgment be reversed and the prosecution dismissed. It is so ordered.

*Reversed and dismissed.*