RICHARD MARTIN V. THE STATE.

No. 18505.   Delivered November 4, 1936.
Rehearing Denied December 9, 1936.

The opinion states the case.

*Eddie Roark,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft of property under the value of $50; the punishment, confinement in jail for 90 days.

On the 14th of June, 1935, a bicycle was stolen from Franklin Kennedy.   On the 16th of August, 1935, said property was found in the possession of appellant.   Touching the condition of the bicycle after its recovery, Franklin Kennedy testified as follows:

"The way I identified my bicycle was because it was just exactly like it and only one thing had been changed and that was the paint on the bicycle, had been painted two coats of paint, and it had different fenders on it, and I could tell that it was my bicycle because it had the same tires and handle bars and things.   The numbers had been burnt off of this bicycle

when I recovered it. Anything in the way of marks on the bicycle when it was stolen were painted over when I recovered it."

It appears that appellant failed to explain his possession of the stolen property.

Appellant did not testify. Witnesses on his behalf testified that in June, 1935, they saw appellant purchase the bicycle from his brother Milton Martin. This affirmative defense was appropriately submitted to the jury in the charge of the court.

We deem the evidence sufficient to support the conviction.

In his motion for new trial appellant alleged that since his conviction he had discovered new evidence. He attached to the motion the affidavit of his brother, Milton Martin, wherein it was stated that he had sold the bicycle in question to appellant. Also attached to the motion was the affidavit of Mrs. Kate Redmon in which she stated that she was with appellant when he bought the bicycle from Milton Martin. Manifestly, the testimony was not newly discovered. Appellant made no application for a continuance to secure the testimony of said witnesses.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In his motion for rehearing appellant insists that he was not found to be in possession of the stolen property until approximately two months after the alleged theft and that by reason thereof this was too remote to constitute that possession which would authorize his conviction. The appellant, by his witnesses, developed the fact that he came into possession of the bicycle four days after it was alleged to have been stolen by purchasing it from his brother. The affirmative defense of purchase was submitted to the jury and was rejected by them. The appellant's possession of the stolen property was therefore pertinently established by the State. The possession of stolen property two months after the alleged theft has been held to come within the term "recent" and is a question of fact to be determined by the jury in the light of all the surrounding facts and circumstances. See Tex.

Jur., Vol. 41, p. 216, sec. 132; also Allen v. State, 97 Texas Crim. Rep., 467.

The motion for rehearing is overruled.

*Overruled.*