NALE CHAVEZ V. THE STATE.

No. 22839. Delivered May 3, 1944.
Rehearing Denied June 21, 1944.

The opinion states the case.

*Wm. E. Davenport,* of San Angelo, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction for murder with a penalty of ten years in the penitentiary.

Nale Chavez is charged with the murder of Juan Serano by shooting him with a gun on the 4th day of August, 1943. The State's evidence shows that Juan Serano is dead; that he was shot with some kind of a gun; that the defendant gave an officer a .45 single action Colt, blackhandled gun which was introduced in evidence. It was incidentally stated that appellant shot him. One witness said:

"I know where Juan Serano was shot by Nale Chavez." He further said he saw appellant shoot deceased twice after he fell to the ground.

The appellant placed in issue his reputation which brought forth evidence of two other shootings by him within a short period of time prior to the one for which he was being tried. Testifying in his own behalf, appellant told of difficulties between himself and deceased and gave a motive and supported a finding of malice in the instant case. He claimed self-defense which was submitted to the jury in a proper charge. However, the evidence on self-defense is not of a very convincing nature. We quote as follows: "When Juan Serano saw me in the alley he didn't do anything; he just stood there and I shot at him. I went up the alley. At the time I shot at him I thought my life was in danger. I knew and believed Juan Serano was a man who was calculated to carry out threats that he would make." He also detailed numerous incidents in which he had understood the deceased had trouble with others and said he shot Serano four times. He admitted the killing of Serano in the

alley and claimed that deceased was approaching with a knife. The first shot was in the stomach. Deceased fell to his knees after which appellant said he shot him three times and added further: "He didn't do nothing when I shot him but he had hold of his knife."

The State concluded in rebuttal by offering evidence as to the bad reputation of appellant and also proving without objection the other shootings above referred to. Thus is summarized the pertinent evidence in the case.

Appellant brings forward five bills of exception which are not discussed for the reason that neither of them presents a matter in a way that can be considered under the law.

Bill No. One apparently refers to something that has no relationship to any issue raised in the case.

Bill No. Two contains a summary of evidence given on the motion for continuance in an effort to show diligence in securing some witnesses for which subpoena had been issued. The motion is not included in the bill and there is nothing to show what these witnesses would testify. In conclusion part of the bill says: "After hearing this evidence on the question of diligence, the court over-ruled defendant's motion for continuance, etc." Nothing is presented for our consideration.

Bill No. Three complains of the argument of the district attorney. As qualified by the court, the bill does not show error however useless and inappropriate the argument may have been.

Bill No. Four complains of the action of the court in admitting the evidence of Mrs. Juan Serano who had remained in the court room while the witnesses were under rule. The bill does not even show what her evidence was.

Bill No. Five is duplicitous. While appellant was testifying in his own behalf his attorney asked: "Do you know of your own knowledge whether or not the deceased, Juan Serano, used marijuana?" The court sustained objection to this question and there is nothing to show what the answer would have been or that it was relevant to any issue in the case. In the same bill it is presented that he was asked the further question: "Do you know generally the effect of marijuana?" An objection to this testimony was sustained but there is nothing to show the answer

which the witness would have given or its relevancy to any issue in the case.

The evidence is sufficient to sustain the jury's verdict. The judgment of the trial court is affirmed.

ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant, in his motion for a rehearing, claims that we erred in our original opinion in declining to consider his bill of exceptions relating to the court's action in overruling his application for a continuance. The reason we did not discuss the matter sought to be brought forward by his bill of exceptions is that the bill is deficient. The application for a continuance is not incorporated in the bill nor referred to and made a part thereof. It merely recites that he presented his application for a continuance, sets out the evidence introduced to show diligence and the court's action in overruling the same, to which he excepted. It is the holding of this court that bills of exception relating to the action of the court in declining to grant an application for a continuance must set out the application. The bill in this instance fails to meet such requirement. See 4 Tex. Jur. p. 365, sec. 246; Pena v. State, 1 S. W. (2d) 1095; Lucera v. State, 1 S. W. (2d) 633; Wheeler v. State, 118 Tex. Cr. R. 358.

We have again reviewed the other bills of exception, but remain of the opinion that a proper disposition was made of them in the original opinion.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.