ERNEST CARROLL BANKS V. STATE

No. 27,038.   June 23, 1954
Appellant's Motion for Rehearing Denied
(Without Written Opinion) October 27, 1954

*A. W. Lair,* Canyon, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is cattle theft; the punishment, five years.

The Ramming ranch, under the control of E. A. Ramming, adjoined that of L. P. Eakin. The witness Gardzelik, brother-in-law of Eakin, farmed some of Eakin's land and was familiar with the kind, description and brand of his (Eakin's) cattle. On or about October 10, 1951, Gardzelik saw a large black steer which he recognized as belonging to Eakin "over in the Ramming pasture." On the following day, the witness told Eakin of seeing his steer in Ramming's pasture. He did not, however, see the steer again.

The witness Burden, buyer for the Panhandle Packing Company at Pampa, testified that on or about October 10, 1951, he purchased a black steer from appellant, paying him $212.50 by check.

The witness Burden further testified that upon the previous day some person called him over the telephone, described a steer to him, and asked what amount such a steer would likely bring on the market. When appellant brought the steer in the next day he recalled to the witness that he was the man who had telephoned him. After the purchase, Burden placed the steer in a pasture and some nine days thereafter sold him, along with others, to a buyer from California.

Thereafter, L. P. Eakin, accompanied by his wife, went to Blythe, California, and there found in the Union Stock Pens a steer which Mrs. Eakin testified was the missing one. Several pictures were made of the steer. These were offered in evidence and identified by the witness Burden as pictures of the steer purchased from the appellant.

L. P. Eakin having died after the prosecution had begun and before trial, Eakin's non-consent to the theft was shown by circumstantial evidence.

Testifying as a witness in his own behalf, appellant protested his innocence. He said that he purchased the steer from E. A. Ramming in good faith, upon the representation of Ramming that he owned the steer.

The state introduced testimony showing that Ramming owned no cattle at the time.

If we correctly understand the state's theory under the facts presented, it is that in pursuance of a prior agreement Ramming stole the steer and appellant thereafter sold it, and he and Ramming divided the proceeds from the sale.

There is an absence of any testimony showing that the fences were down or that the steer may have strayed from the Eakin pasture into the Ramming pasture.

We shall now discuss the contentions presented by appellant's able counsel who represented him on appeal only.

Bill of Exception No. 1 recites that the district attorney in his closing argument said, "Gentlemen of the jury, we used to hang these cow-thieves in Texas and did not need the services of a jury." It further recites that the court sustained the objection of the appellant and instructed the jury not to consider the argument for any purpose.

The court qualified the bill by incorporating the following additional argument of the prosecutor, in order to show the setting in which the above-quoted argument was made, to-wit:

"Gentlemen of the jury, long before our present statute was written it was against the law to steal cattle in Texas—in those days the penalty was a rope and a tree. The penalty is now set by law and a jury of twelve men determines whether or not a man is guilty after hearing the evidence admitted by the court and assesses the penalty within the limits prescribed by law."

The court certifies that no objection was made to this additional argument.

Taken in connection with the additional argument, we conclude that the trial court did not err in overruling the motion for a mistrial.

Appellant next contends that the evidence is insufficient because the state did not prove the falsity of the explanation given by the appellant concerning his possession of the stolen property. It is not the falsity of the explanation made by the accused during the course of the trial that the state is required to prove; it is the explanation he makes when his possession of the stolen property is first called in question.

We are also unable to agree with the appellant's contention that the facts are insufficient to support the conviction because

they rest solely upon the circumstances of possession of recently stolen property. His guilt was not made to depend upon his possession of the steer but upon Ramming's possession and the application of the law of principals. Ramming made no explanation of his possession of the steer.

Appellant next complains that Article 732a, V.A.C.C.P., was violated when one of his witnesses was asked the question, "Along about that time, Mr. Hankins, did you *know* of this defendant, *E*arnest Carroll Banks, and some other fellows being involved in some other cattle theft besides this?" We need not decide whether the asking of the question constituted reversible error since the same witness was later permitted to answer, without objection, that the appellant, Ramming and one Rubrecht were apprehended and charged with the theft of his cattle.

Finding no reversible error, the judgment of the trial court is affirmed.