EDWARD MORGAN MACKENNA V. STATE

No. 28,942. April 3, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) May 15, 1957.

Appellant represented himself.

*Robert C. Benavides,* Dallas, *amicus curiae.*

*Henry Wade,* District Attorney, *Lem Brotherton, Homer Montgomery* and *George P. Blackburn,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for felony theft; the punishment, eight years' confinement in the penitentiary.

The state's testimony shows that the injured party, Squire Haskins, was a commercial photographer in the city of Dallas. On the afternoon of October 18, 1955 between the hours of 2:00 and 5:00 o'clock, Haskins parked his automobile near his office at Fair Park. At such time he left in the automobile one of his cameras and a leather case which had an aggregate value of approximately $250. Later, around 10:00 o'clock Haskins drove away in the automobile and on the following morning discovered that the camera and case were missing. He immediately notified the police and about two weeks later identified and recovered the camera and case from the property room of the Dallas Police Department.

The state's testimony further shows that on November 3rd the appellant was discovered in possession of the missing camera and case by Officer Pope of the Dallas Police Department who recovered the same after observing the appellant place the articles in a locker at the Union Bus Station.

As a witness in his own behalf appellant admitted his possession of the camera and case but denied that he had stolen them. In explaining his possession he testified that he came into possession of the camera and case on October 13th on an occasion when he had gone to the State Fair. He testified that he met a man whom he knew, carrying the case; that they sat at one of the stands on the midway; the man got up and excused himself and left the leather case containing the camera on

a stool and that appellant picked the case up with the purpose of getting it back to the owner.

Appellant insists that the evidence is insufficient to sustain the conviction.

With such contention we do not agree.

The evidence is undisputed that the camera and case were stolen from the injured party on or about the date alleged. Appellant was found in possession of the recently stolen property and his possession unexplained.

Such evidence, under the rule of unexplained possession of recently stolen property, is sufficient to sustain the conviction. 41-A Texas Jur. 227, Sec. 233.

In his brief appellant contends that he was deprived of the right to secure witnesses to appear in his defense.

The record does not sustain the contention.

While Bill of Exception No. 11 certifies that on the day the case proceeded to trial appellant "protested he had not had time to contact the witnesses who wished to appear in his defense and asked for a continuance," the bill is insufficient as the application for continuance is not shown therein. Pena v. State, 1 S.W. 2d 1095; Williams v. State, 115 Texas Cr. Rep. 574, 27 S.W. 2d 217 and Chavez v. State, 147 Texas Cr. Rep. 423, 181 S.W. 2d 85.

Appellant further complains of the action of the court in admitting in evidence the camera and case over appellant's objection that it was the product of an illegal search and seizure. Appellant, having admitted his possession of the camera and case, was in no position to complain of the search and admission of the articles in evidence. Soble v. State, 153 Texas Cr. Rep. 629, 218 S.W. 2d 195 and Salinas v. State, 159 Texas Cr. Rep. 619, 266 S.W. 2d 388.

We find no error in the court's refusal to grant appellant's motion for new trial on the ground he had new evidence to show that he could not have been at the scene of the alleged theft at the time it occurred.

The new evidence alleged was, in substance, that appellant's

wife would testify that he was with her on the evening of October 18, 1955 and that they did not go to the fair grounds. Since appellant must have known prior to the date of the trial where he was and who he was with at the time of the alleged theft, such alibi testimony could not. be newly discovered evidence. Hanna v. State, 48 Texas Cr. Rep. 269, 87 S.W. 702.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.