BILLY JOE MILLIGAN V. STATE

No. 29,203. November 20, 1957.

*Houston McMurry*, Henrietta, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is receiving and concealing stolen property, with a prior conviction for an offense of like character alleged for enhancement; the punishment, ten years.

The injured party Stewart testified that the appellant, his brother and one Martinez came to his place of business and asked to borrow a cutting torch and "the air regulators that go with it;" that he loaned the same to the appellant, who returned to his place of business at eight o'clock at night three days later and informed him that they were through with the torch and regulators and had left them in Stewart's pickup truck outside. Stewart stated that he had occasion to go to his pickup truck later in the evening, and while the appellant and his companions were inside, and there saw the torch and regulators, but after the appellant and his party left, and as he prepared to go home, he discovered that the articles mentioned were no longer in his truck. Stewart testified further that some thirty days later he recovered his property from Mr. Williams' wrecking yard.

Williams testified that, approximately thirty days before Stewart came to his place of business and claimed the equipment in question, the appellant, in company with his brother, brought the torch and regulators to his wrecking yard, that the appellant told him he had bought the equipment, said how much he paid for it, stated that he did not have any use for the equipment, wanted to leave town, and needed some money.

The appellant did not testify in his own behalf but called his brother, who testified that it was he and not the appellant who had borrowed the equipment from Stewart; that it was never returned; and that sometime later the appellant, who was in need of funds, pledged the equipment with Williams to secure a loan.

Appellant contends that the evidence, if it establishes his guilt, does so as a thief and not as a receiver of stolen property.

We are fully familiar with the line of authorities relied upon by the appellant which hold that one may not be the receiver of stolen goods which he himself has stolen.

If the state had elected to proceed against the appellant as the thief rather than the receiver, they would have been confronted with the necessity of disproving the statement made by the appellant to Williams that he had bought the tools because, in a theft case, this would have been exculpatory. Being unable to so disprove, they wisely proceeded against him as a receiver because in such a prosecution the statement would not be exculpatory.

If the appellant's brother borrowed the tools, did not return them but agreed to allow the appellant to pledge them, then he became a thief by bailee when he entered into such an agreement. If this was true, then at the moment the appellant took possession of the tools he became the receiver of stolen property.

The question of the trial court's failure to charge on the law of circumstantial evidence is not before us because no bill of exception appears in the record and no objections to the court's charge were submitted in writing.

Appellant contends that the state failed to prove the value

of the tools as alleged. The witness Williams testified that he owned and used several similar torches in the operation of his wrecking yard and set the value on the equipment sold to him by the appellant at $135.00.

Finding no reversible error, the judgment of the trial court is affirmed.