### ROBERTA MADDEN V. STATE

No. 33,013. March 8, 1961

Motion for Rehearing Overruled April 12, 1961

*W. H. Betts,* Hempstead, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge

The conviction is for murder without malice; the punishment, 5 years.

The proof shows that the appellant was the deceased's wife.

They owned a home near the city of Hempstead in Waller County but were separated and living apart at the time of the killing. On the day of the homicide, appellant hired the state's witness, Steve Washington, to carry her from Houston to Hempstead for the purpose of attempting a reconciliation with her husband. When they arrived, appellant first went into the house and Washington remained in the automobile. Later, Washington went into the house. Washington testified that after he went inside, appellant and the deceased began talking about the furniture and in the conversation the deceased said, "Well, where is my gun?" and appellant said, "Here it is," and reached in her purse and removed a gun therefrom. Washington testified that at such time the deceased was seated on the bed and appellant was standing by the deceased with the gun in her hand, holding it "right out toward him." Washington stated that when he saw the deceased get up from the bed he "wheeled" and ran and, as he started outside, heard a shot fired.

The proof further shows that soon after the shooting appellant appeared at the jail and reported to Deputy Sheriff Jimmie Whitworth that she had shot her husband but stated that she did not know if he was dead. At such time, appellant delivered to the officer a .38 calibre Smith & Wesson pistol which contained one fired shell and two or three shells which were loaded.

Deputy Whitworth and Sheriff A. S. Fletcher thereupon went to the scene of the shooting and when they arrived found the dead body of the deceased lying on the ground at the back door of the house with a gunshot wound through the shoulder in the region of the heart.

Testifying as a witness in her own behalf, appellant stated that on the day in question she returned to the home hoping to "patch things up"; that after she went inside deceased asked her about the pistol; that she went in the bathroom where she had hidden the pistol and put it in her purse; that when she returned and produced the pistol the deceased grabbed it, and the pistol discharged as they were struggling over possession of the same. Appellant testified that she did not know whether it was she or the deceased who pulled the trigger but admitted that after the shooting she signed a written statement, which the state later introduced in evidence, in which she stated that she had shot the deceased.

The court submitted the issue of appellant's guilt to the jury upon a charge on the appellant's right of self-defense against a

deadly attack at the hands of the deceased and also submitted to the jury the defense of accident.

Appellant insists that the evidence is insufficient to sustain the conviction because (1) it does not show that she fired the pistol and (2) the proof fails to show the cause of death of the deceased.

The issue as to whether appellant unlawfully shot and killed the deceased with the gun as charged in the indictment or the gun was accidentally discharged was properly submitted to the jury. The evidence is sufficient to support the finding of the jury as reflected by its verdict.

In homicide cases, the cause of death of the deceased may be proven by circumstantial evidence. Tellez v. State, 162 Tex. Cr. R. 456, 288 S.W. 2d 154. The facts and circumstances shown by the evidence are sufficient to establish that the cause of death of the deceased was a gunshot wound received from the gun fired by appellant. Under the record presented, we need not pass upon appellant's contention that the stipulation entered into upon the trial as to the cause of death was insufficient because not personally entered into by her.

Appellant further contends that the evidence is insufficient to sustain the conviction because the state failed to disprove certain exculpatory statements contained in her written confession which was introduced in evidence by the state. Appellant relies upon the rule that where the state introduces a confession in evidence containing exculpatory statements, it is ordinarily incumbent upon the court to instruct the jury that the exculpatory statements are regarded as true unless disproved. This rule does not apply where the accused on trial testifies before the jury in accordance with such exculpatory statements and his defensive theory is fairly submitted to the jury. Threadway v. State, 150 Tex. Cr. R. 271, 200 S.W. 2d 199. In the instant case, appellant testified substantially in accordance with such exculpatory statements and her defensive theory was fairly submitted to the jury. No objections were made by appellant to the court's charge. Under the record, appellant has no grounds of complaint.

Appellant complains of the court's failure to charge the jury on the law of circumstantial evidence. No objections to the court's charge complaining of such omission are found in the record and no such charge appears to have been requested by appellant. In the absence of an objection or requested charge, the omission is

not ground for reversal. Milligan v. State, 165 Tex. Cr. R. 323, 307 S.W. 2d 98, and Wall v. State, 167 Tex. Cr. R. 634, 322 S.W. 2d 641.

Appellant's remaining contention is that the court erred in permitting the testimony of certain state's witnesses to be presented to the jury. Appellant made no objection to the testimony and thereby waived any error therein. Ludwig v. State, 164 Tex. Cr. R. 295, 298 S.W. 2d 166, and Huggins v. State, 163 Tex. Cr. R. 522, 293 S.W. 2d 779.

Finding the evidence sufficient to sustain the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.