Erskine Elwood **BOWERS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 40282.

Court of Criminal Appeals of Texas.

April 12, 1967.

Rehearing Denied May 31, 1967.

Legg, Saxe & Baskin by Pat M. Baskin, Midland, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an appeal from an order revoking probation.

On December 13, 1965, appellant plead guilty to the offense of Robbery By Assault and was assessed a punishment of five (5) years in the penitentiary. Sentence was pronounced on the same date; but the execution thereof was suspended and appellant was granted probation.

Among the conditions of probation was that he "commit no offense against the laws of this State or of any state or of the United States."

On the 9th day of July, 1966, the State filed a motion to revoke appellant's probation, alleging the terms and conditions were violated in that he, on or about June 7, 1966,

committed the offense of theft of a lawn edger, and that on or about June 8, 1966, he committed the offense of theft of a tire and wheel.

On July 22, 1966, a hearing was had upon the State's motion to revoke probation. The Court's order, finding that appellant had violated his conditions of probation and revoking probation, indicates that the only basis for the revocation is the theft of the tire and wheel on June 8, 1966.

The only question involved in an appeal from an order revoking probation is whether the trial court abused its discretion.

The State's evidence reveals that Houston Caruthers of Midland, who had the lawn edger stolen from him on June 7, 1966, testified that a new tire and wheel which had been mounted under his truck and which had never been on the ground was stolen from him on June 8, 1966. He had known the appellant for ten (10) or twelve (12) years and had seen him frequently when the appellant visited the house next door to the Caruthers home.

Ralph Holder, owner of the Economy Welding Service of Midland, testified that he had purchased from the appellant for $6.00 the tire and wheel later identified as the one taken from Caruthers. He testified that he did not believe the value of the tire was in excess of $50.00; that appellant told him that the tire had come "from under a truck they had wrecked out"; that he had known appellant for two (2) years, had purchased items from him before, and knew his father had a junk yard. Holder related that since the tire was new he had questioned in his own mind that the tire and wheel belonged to the appellant.

Wayne Gideon, Detective Captain of the Midland Police Department, testified he had recovered the Caruthers tire and wheel from the Economy Welding Company on June 9, 1966.

Appellant called his nephew, Curtis Ray Carter, as a witness. Carter testified that he alone had stolen the tire and wheel on June 8, 1966; that without telling the appellant that the items were stolen requested appellant to sell them for him; that he remained in the car while appellant sold the items.

Testifying in his own behalf, appellant denied stealing the tire and wheel or knowing at the time he sold the items that they were stolen. He admitted telling Ralph Holder that the tire and wheel had come from a "wrecked out" truck, but only because he assumed Carter had gotten them from appellant' father's junk yard, to which he had access. He related that Carter had told him it was an old tire, but that before selling the items for $6.00, he observed that it was a new tire and wheel which in his opinion was worth $30.00.

The rule is well established that when evidence of theft is circumstantial and based on possession, and the person in whose exclusive possession the recently stolen property is found fails to give an explanation or gives a false explanation when called upon to explain or when the facts are such as to require an explanation from him, such will warrant a conviction without further proof. 55 Tex.Jur.2d, Sec. 214, pp. 480–481.

The question for our determination is whether the appellant's explanation made to Ralph Holder was a reasonable and satisfactory account of his possession made for the first time his possession was challenged so as to overcome the legal presumption that arose from his possession of recently stolen property as a matter of law.

It should be borne in mind that we are bound to view the matter in the light most favorable to the State. Further, it should be remembered that it is the explanation made at the time an accused is found in possession of the property which controls and not the explanation made at the time of the trial. Wall v. State, 167 Tex.Cr.R. 634, 322 S.W.2d 641; Walden v. State, 165 Tex. Cr.R. 196, 305 S.W.2d 354; and Banks v. State, 160 Tex.Cr.R. 418, 271 S.W.2d 661.

Appellant admitted that his statement to Holder was untrue, but he just assumed at the time it was correct. Under all the facts and circumstances of the case, including the sale of the items at far below their market value in the opinion of both the buyer and seller, the Court was authorized to disbelieve appellant's explanation as well as the testimony of Carter. The trial judge, when sitting without a jury, is authorized to accept or reject any or all of the testimony. Walker v. State, Tex.Cr. App., 395 S.W.2d 645; McCutcheon v. State, 140 Tex.Cr.R. 74, 143 S.W.2d 611.

Appellant's counsel in an extensive brief and able oral argument before this Court vigorously contends that while appellant's statement to Holder as to the source of the tire and wheel was shown to be untrue, the testimony in the record as to the business transaction is insufficient to show a false explanation when called upon to explain possession, or a false explanation when the facts were such as to require an explanation. Appellant further contends that the statements made to Holder, in view of their past relationship, were only casually made at a time when he did not know he was suspected of theft and without his right to the tire and wheel being called into question. See Reveal v. State, 27 Tex.App. 57, 10 S.W. 759.

We cannot agree that in the business transaction as reflected by the record appellant was not called upon to explain his possession, or that the facts were not such as to require an explanation. The appellant appeared alone in exclusive possession of the tire and wheel and represented that he owned or had authority to sell the items involved. The statement was made to a prospective buyer after inquiry and was not casually made as in Reveal v. State, supra.

Be that as it may, if the statement is not to be considered at all because only casually made, then the record would reflect that the appellant made no explanation of his possession of recently stolen property. The rule above stated as to possession of recently stolen property would apply with equal force and effect.

Appellant contends that his counsel was not permitted at the close of the testimony to present argument to the trial court before probation was revoked. At such time the Court indicated it did not desire argument and ruled. There was no request for argument nor any objection taken to the Court's action.

Appellant further complains that some hearsay testimony was introduced into evidence. It is presumed that the trial court ignored inadmissible evidence in cases tried before him. Milligan v. State, 170 Tex.Cr.R. 584, 343 S.W.2d 455.

Finding the trial judge did not abuse his discretion, the judgment is affirmed.