**Otis Bernard DODD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45875.**

Court of Criminal Appeals of Texas.

Oct. 18, 1972.

Kenneth L. Sanders, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Henry Oncken, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from an order revoking probation.

On July 29, 1970, appellant was convicted for the offense of felony theft, after entering a plea of guilty to such charge. Punishment was assessed at ten years and imposition of the sentence was suspended and probation granted. One of the terms of probation was that appellant "commit no offense against the laws of this or any other state or of the United States."

On October 6, 1970, a motion to revoke probation was filed by the state alleging that appellant violated the aforementioned term. On February 12, 1971, a hearing was held on the motion and probation was revoked.

Appellant contends that there was an abuse of discretion by the trial judge because the evidence was insufficient.

The evidence shows that an automobile was stolen from a downtown parking lot in Houston after it was parked there on the morning of September 21, 1970. Appellant was seen by a Houston police officer driving that car on that day. The officer stopped the appellant to check his driver's license.

The officer observed that the glove compartment of the automobile had been pried with a crowbar or tire tool. There was a tire tool lying on the floor back of the front seat. The automobile had a Louisiana license plate on it and a Louisiana registration was inside the glove compartment, showing it to be registered to a "Mr. Johnson." The appellant told the officer that his name was Dunham but was unable to produce a driver's license or any other identification. He informed the officer that he had some identification in an apartment; however, he was unable to locate any identification at the apartment. The officer testified that he asked the appellant about the Louisiana registration and that the appellant told him he had no knowledge of the registration and further stated that the automobile belonged to "some relative of his that was from Louisiana." Thereafter, the officer ascertained that the automobile had been reported as stolen and placed the appellant under arrest for the theft.

At the hearing on the motion to revoke, the appellant testified in his own behalf and admitted that he was driving the automobile at the time in question. He testified that a friend of his, John Taylor, was driving the automobile and gave him a ride; that he later obtained possession of the automobile from Taylor; that he had

told the officer the car belonged to a friend by the name of Taylor; and that Taylor had told him that the automobile belonged to his uncle from out of town.

■ Was appellant's explanation of his possession of the stolen automobile sufficient to overcome the legal presumption that arose therefrom? We think not. By his own testimony, appellant negates the truth of his explanation. When first confronted by the officer he stated that his name was Dunham and that the automobile belonged to "some relative of his that was from Louisiana." At the trial, his explanation was that the car belonged to a friend of his by the name of John Taylor.

In 55 Tex.Jur.2d, Theft, Paragraph 227, pages 495 and 496, it is written:

"The state may show that the defendant's explanation of his possession (of recently stolen property) is false. It has the burden of proving that the explanation is unreasonable or untrue where it contains no contradiction or weakness that would destroy it. The state is not required to prove the falsity of every explanation made by the accused, however, *but only that which he gave when his possession of the property was first questioned.*" (Emphasis added.)

Bowers v. State, Tex.Cr.App., 414 S.W.2d 929; Wall v. State, 167 Tex.Cr.R. 634, 322 S.W.2d 641; Walden v. State, 165 Tex. Cr.R. 196, 305 S.W.2d 354.

■ Additionally, the evidence is undisputed that appellant was operating a motor vehicle with no operator's license at the time in question.

There being no abuse of discretion, the order revoking probation is affirmed.

It is so ordered.