**Prentice Noel ELLARD, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 48211.**

Court of Criminal Appeals of Texas.

May 15, 1974.

Rehearing Denied June 5, 1974.

Ruth J. Blake, Allan J. Showers, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and John Holmes, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

CHADICK, Commissioner.

Appellant, Prentice Noel Ellard, was indicted and tried for the offense of felony theft. In a jury trial on plea of not guilty, appellant was found guilty and assessed punishment at seven years' imprisonment.

Circumstantial evidence was relied upon for conviction in the trial court. Appellant grounds error on insufficiency of the evidence to support a conviction. Appellant did not testify. The argument in appellant's brief narrows the issue in this appeal to the probative effect of unexplained possession of recently stolen property. The argument is that appellant's "possession of a stolen gun almost six months after the theft is too remote in time" to support the conviction. The evidence shows a .9mm Smith and Wesson pistol, model 39, serial No. 84033, was stolen in a burglary of the H. C. Alexander gunshop in Houston along with more than forty other guns of various kinds. The burglary occurred during the evening hours of January 16, 1970 or the morning hours of January 17, 1970. The stolen pistol was taken from appellant's possession when he was arrested near Little Rock, Arkansas, June 8, 1970. A period of 142 days elapsed between the time of the theft and time of arrest.

On January 19, 1970, 42 guns, identified as those taken in the burglary of the Alexander gunshop, were purchased by a gun dealer. The gun dealer testified without objection that in the course of negotiations for purchase of the guns he received a telephone number from a person offering the guns for sale. He could not identify appellant as one of the several persons present during negotiations or sale. A police officer testified that the telephone number given the gun dealer was that of the telephone in a house in Houston occupied by appellant.

In Hollins v. State, 411 S.W.2d 366 (Tex.Cr.App.1967), it is said: "The unexplained possession of recently stolen property is sufficient to authorize a jury to convict for theft of such property. Bryant v. State, Tex.Cr.App., 397 S.W.2d 445; Wall v. State, 167 Tex.Cr.R. 634, 322 S.W. 2d 641; 5 Branch's Ann.P.C.2d, Sec. 2650; 55 Tex.Jur.2d 480, Sec. 214." Drawing on the decision of this State, Tex.Jur.2d Theft, Section 214, formulates this rule: " * * * if a person in whose exclusive possession property recently stolen is found fails reasonably to account for his possession when called on to explain or when the facts are such as to require an explanation from him, the presumption of guilt arising from recent loss and possession will warrant a conviction without the necessity for further proof." However, it is pointed out in Clark v. State, 149 Tex.Cr.R. 537, 197 S.W.2d 111 (1946), that unexplained possession of recently stolen property is a circumstance of guilt but is not conclusive. A conviction resting upon such evidence must be tested under the law of circumstantial evidence. To be sufficient the circumstances relied upon must not only be consistent with each other and with the guilt of the accused but must exclude every other reasonable hypothesis except the guilt of the accused. See also, Culmore v. State, 447 S.W.2d 915 (Tex. Cr.App.1969).

Here the question of chief concern is whether or not the pistol was *recently* stolen property as the term *recently* is used in the rule. It was found in appellant's possession 142 days (nearly five months) after it was stolen. Texas cases have held as a matter of law that an inference of guilt sufficient to support conviction was not raised by possession of stolen property after elapse of time ranging from three and one-half months up to several years. See Preston v. State, 147 Tex.Cr.R. 79, 178 S.W.2d 522 (1944); 55 Tex.Jur.2d Theft, Section 217, (cases listed in footnote). Out-of-state decisions have reached diverse and conflicting results. See 52A C.J.S.

Larceny § 107 (cases listed in footnotes). However, it is clearly established in Texas that each case must be judged by its facts and whether or not possession was recent within the meaning of the rule is a question of fact to be determined by the jury from the surrounding circumstances. Allen v. State, 97 Tex.Cr.R. 467, 262 S.W. 502 (1924); Martin v. State, 131 Tex.Cr.R. 387, 98 S.W.2d 810 (1936); Florez v. State, 26 Tex.App. 477, 9 S.W. 772 (1888); 55 Tex.Jur.2d Theft, Section 217. Under circumstances shown by this record, the trial court did not err in allowing the jury to determine the weight to be given appellant's possession of the pistol. The evidence is sufficient to establish appellant's guilt to a moral certainty.

While the owner of the burglarized gunshop was a witness, the prosecutor propounded three separate questions, each of which implied that several pistols were taken in the gunshop burglary. The trial judge sustained objections to answers to the first and last questions making such implication. The second question containing the implication was objected to on the ground it was leading and suggested the answer desired. Appellant's third ground of error asserts, "Improper admission by trial court of evidence of theft of items for which defendant was not on trial: it was material error which injured the defendant for the trial court to admit evidence of theft of several guns, when defendant was on trial for the theft of one gun." It is argued: "Such references to several guns was highly prejudicial and created the atmosphere that the defendant was on trial for the theft of more than one gun. Defendant would show that such prejudicial remarks before the jury deprived defendant of his constitutional rights to a fair trial." The testimony admitted referred to the theft of the pistol and described contemporaneous interwoven circumstances which were relevant to the issues in the case. The evidence was admissible as res gestae of the offense charged. Webb v. State, 472 S.W.2d 760

(Tex.Cr.App.1971); Kerrigan v. State, 167 Tex.Cr.R. 601, 321 S.W.2d 884 (1959); McCoy v. State, 144 Tex.Cr.R. 309, 162 S.W.2d 976 (1942); 23 Tex.Jur.2d, Evidence, Section 196.

Appellant's fourth and sixth grounds of error will be grouped for discussion. The State's exhibit No. 1 was a .9mm Smith and Wesson pistol, serial No. 84033, State's exhibit No. 2 was a cartridge clip (partially loaded), found in the pistol mentioned, and State's exhibit No. 3 was a cartridge clip (empty), found in appellant's right front pocket. These exhibits were turned over to Little Rock, Arkansas, police service bureau by the officer that arrested appellant. The officer as a witness in the case identified these items of evidence. Error is urged because the witness did not mark or tag the exhibits as suggested in McDonald v. State, 160 Tex.Cr.R. 181, 268 S.W.2d 157 (1954), nor receive them back from the custodian with whom he had left them. The witness' identification of the pistol by its serial number is clear and positive. Identification of the cartridge clip possibly presented a problem, though the witness' identification was not tested by cross-examination. After the articles were identified, the prosecuting attorney stated he was "offering this." Whether he thereby tendered the three exhibits or only one is not clear from the record. Objection was made to the offer on the ground that an "improper predicate had been laid."

▮ In a prosecution of this nature, the article allegedly stolen and found in the accused's possession may be exhibited to the jury. 2 McCormick & Ray, Texas Law of Evidence, Section 1456; 23 Tex.Jur.2d, Evidence, Section 392. The pistol was clearly admissible. It is a familiar rule that a general objection directed to evidence, a part of which is admissible, is insufficient to preserve error. Cornelius v. State, 157 Tex.Cr.R. 129, 246 S.W.2d 886 (1952); Mitchell v. State, 156 Tex.Cr.R. 128, 239 S.W.2d 384 (1951); 5 Tex.Jur.2d, Appeal and Error—Criminal Cases, Section 41.

All grounds of error have been carefully examined and reversible error is not found. The judgment of the trial court is affirmed.

Opinion approved by the Court.