## CHARLES DIESE V. STATE.

No. 25632. January 23, 1952.
Rehearing Denied March 12, 1952.

Hon. Sam Bullock, Judge Presiding.

*Thomas & Thomas,* Big Spring, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

Appellant was charged with a violation of the liquor laws in Mitchell County, and upon his trial before a jury was fined the sum of $1,000.00.

It is the appellant's contention that the county court of Mitchell County was not legally in session at the time of the trial of this case on August 29, 1951. Appellant insists that the court had no right to be in session at that time and that therefore this trial was without due process of law.

The following is an order of the commissioners' court dated February 12, 1951:

"The Court approved County Court Terms as follows:

Term #1 being the months of—January and February
Term #2 being the months of—March and April
Term #3 being the months of—May and June
Term #4 being the months of—July and August
Term #5 being the months of—September and October
Term #6 being the months of—November and December

"Justice Court is in continuous session. A new Court being convened each 4th Monday of each Month.

"Sam Bullock, County Judge."

Appellant contends that the order does not fix the terms of the County Court as provided by law for the commissioners' court. It is insisted that the word "approved" does not mean that the commissioners' court fixed those dates as the county court terms. We cannot agree with this contention. It seems to us that if the commissioners' court approved such as the terms of the county court of Mitchell County, it means that the commissioners' court fixed those as the dates of such terms and that the county court of Mitchell County should meet and remain in session for each two months as set forth therein, the present trial having been held in one of such terms.

Appellant also complains because the court, in setting forth the penalty in the event of a conviction herein, failed to charge the law relative to the punishment, in that the violation

of the law charged against appellant herein could have been punished by a fine or imprisonment in the county jail, either or both. The court neglected to say that appellant could have been punished by a fine and given a jail sentence, either or both, but only charged the assessment of either but not both. As a result thereof, so appellant contends, he was only fined the sum of $1,000.00, and that no jail penalty was assessed. In the first place, we are loathe to see where appellant was injured because of the court's failure to charge that both a fine and imprisonment could have been assessed against appellant. In the second place, we do not find any objection in the record to the court's charge. Therefore, appellant's contention is overruled in this respect.

Finding no error in the record, the judgment will be affirmed.

### ON MOTION FOR REHEARING.

MORRISON, Judge.

Appellant questions the source of the order set forth in our original opinion. When the transcript was originally received by this court, it was defective in that it contained no caption. At the suggestion of our clerk, the clerk below furnished a supplemental transcript which contained the order set forth above, showing the terms of court as ordered by the commissioners' court.

Appellant contends that we are bound by the order fixing the term, as the same appears in the bill of exception, and that this court should not look elsewhere in the record in passing upon the question raised by the bill. We have examined each order and fail to find any material difference. As we construe the order shown in the bill of exception, as well as that contained in the supplemental transcript, we hold that the same provided for six terms of two months each, which would authorize the court to be in continuous session.

Bill of Exception No. 2 complains of that portion of the court's charge in which he instructed the jury as to the punishment they might assess. The charge properly gave the maximum and mimimum as to both the fine and imprisonment provided by Article 666-41, except that he failed to instruct them that they might assess both such fine and imprisonment. Thus, it will be seen that the punishment provided for in the court's charge was only a part of that provided by the statute and,

therefore, was more favorable to the accused than he was entitled to under the law and presents no reversible error.

Appellant's motion for rehearing is overruled.