## HOMER HUGGINS V. STATE

No. 28,350. June 13, 1956.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) October 17, 1956.

*W. W. Ballard,* Wichita Falls, for appellant.

*Donald E. Short,* County Attorney, Wichita Falls, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

This is a conviction under Art. 666-26(b), Vernon's Ann. P.C., for the sale of gin to a person under the age of twenty-one years; the punishment, 90 days in jail.

The state's testimony shows that the appellant about 8 P.M. on November 23, 1955, in Wichita County, Texas, sold to Johnie Carl Miller, age fourteen, twelve cans of beer and a half pint of gin for $3.25.

Officer Weatherford testified that from his observation of Johnie Carl Miller he appeared to be under twenty-one years of age.

Johnie Carl Miller testified that he was fourteen years of age and that the appellant at the time of the sale did not ask about his age but pointed to a sign on which appeared something about being fined up to $100 if caught with liquor and told him that it would be on his shoulders if he was caught.

Raeder Anderson testified that he was with Johnie Carl Miller at the time in question and that, as they walked out of appellant's place after the sale, the appellant pointed to a sign and said, "Did you see that sign?;" that on the sign appeared the word "minors" and something about the state law, and that appellant then said, "You know what happens if you are caught with liquor."

Appellant testified in his own behalf and denied that he made any sale of alcoholic beverages to Johnie Carl Miller or that he had ever seen either of the boys before the trial. He testified, on cross-examination, that he had a sign which warned minors that if they were caught with intoxicating liquor that they could be fined up to $100. He further testified that Johnie Carl Miller who testified as to the sale looked to him to be about fourteen years old and that anybody that sold him beer or whiskey would have knowledge of the fact that he was under the age of twenty-one.

Appellant contends that the court erred in permitting the state to prove by Officer Weatherford that he saw Johnie Carl Miller driving an automobile upon a public street about 10 P.M., November 23, 1955, stopped him, observed his actions and conduct, and expressed the opinion that he was intoxicated. To such testimony the appellant objected on the ground that it would solve no issue in the case, and that proof of the effect of the sale and what happened afterwards had nothing to do with the sale and was prejudicial and inflammatory.

It is argued that though evidence to the effect that the prosecuting witness was intoxicated may have been admissible, testimony that he was driving an automobile on the highway while intoxicated was not proper evidence against appellant.

The witness Raeder Anderson testified without objection that Johnie Carl Miller was the driver of the automobile. If there was error in the admission of the officer's testimony to that effect, it was waived.

Appellant insists that the trial court erred in refusing to admit in evidence the proffered testimony of his witness Rickman as follows: that his business was located next door to appellant's place of business, and between 6 and 7 P.M. on a day around Thanksgiving he saw a boy come from the direction of appellant's place of business to a car with several boys in it which was parked in front of his place, and that he heard the

boy cursing and say as he approached the car, "That S.B. wouldn't sell me anything."

The identity of the boy that made the statement is not shown, nor the identity of any of the other boys in the car, nor is the owner of the car shown or its description. This occurrence happened between 6 and 7 P.M. on an uncertain date, but was on or within a few days of November 23, 1955. The testimony shows that the sale relied on by the state took place about 8 P.M. on November 23, 1955.

Appellant while testifying denied the sale here charged, and further testified that he had never seen the boy who testified that he made the purchase or the other boy who testified that he was with the alleged purchaser.

The testimony excluded did not corroborate appellant's testimony as he stated that he had never seen the boys who testified for the state as to the sale. The witness Rickman testified as to only one boy coming from the direction of appellant's place. Further, the testimony was not sufficiently definite in point of time and the parties involved to throw any light on the issue in the case. Hence the refusal of this testimony does not reflect error.

Appellant in his brief complains of the failure of the court to charge the jury that in the event they found him guilty they could assess both a fine and a jail sentence.

The court's charge authorized the jury to assess "either a fine of not less than $100.00 nor more than $1,000.00, or by imprisonment in the county jail for not more than one year."

The statute prescribes the punishment for the offense here charged "* * * by fine of not less than One Hundred ($100.00) Dollars and not more than One Thousand ($1,000.00) Dollars, or by imprisonment in the county jail for not more than one year, or by both such fine and imprisonment." Vernon's Ann. P.C., Art. 666-41.

The penalty authorized by the court's charge and the punishment assessed by the jury were within the penalty prescribed by statute. The punishment provided for in the court's charge was more favorable to the accused than he was entitled to under the law. We perceive no injury to the appellant because of the court's failure to charge that both a fine and imprisonment could

have been assessed. Diese v. State, 157 Tex. Cr. R. 83, 246 S.W. 2d 888.

We find the evidence sufficient to support the jury's verdict and no reversible error appearing the judgment is affirmed.

Opinion approved by the Court.