John Milton BRADLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 39946.

Court of Criminal Appeals of Texas.

Dec. 7, 1966.

Rehearing Denied Jan. 18, 1967.

Otis Scruggs, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., Ray Moses and Alvin A. Horne, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Commissioner.

The conviction is for robbery by assault; the punishment was assessed at five years.

The trial was had after January 1, 1966, and notice of appeal was given on March 25, 1966.

The testimony of the state reveals the robbery of a city bus driver at a bus stop while on a routine run, and then carrying two passengers.

Error is assigned on the ground that the evidence is insufficient to show the identity of the appellant as the person who committed the robbery alleged.

O. B. Post, the bus driver, testified in part as follows:

"Q  Do you see either one of those persons here today who robbed you?

"A  Yes sir.

"Q  Would you point him out, please?

"A  Well, he is right there.

"Q  Let the record reflect he indicated the defendant seated at the counsel table next to Counsel. Now, is there any doubt in your mind that this defendant here is one of the persons who robbed you?

"A  That's him. No sir, I know its him.

"Q  All right, sir, would you be able to tell the jury which one of these men this defendant is? Is he the one with or without the stocking?

"A  He is the one without the stocking.

"Q  Which one had the gun?

"A  This one here, the one without the stocking.

"Q  Which one fired the shots?

'A  This one here, the one without the stocking.

"Q  And there is no doubt in your mind that this is one of the people that robbed you?

"A  I know it's him.

\*  \*  \*  \*  \*  \*

"Q  As the defendant and his companion backed off of the bus—where was this defendant when he started shooting?

"A  He was standing on the ground right at the foot of the steps at the front door.

"Q  And how many times were shots fired, or do you recall?

"A  Three times.

\*  \*  \*  \*  \*  \*

"Q  Now, this one, or the one that didn't have on the stocking was standing on the step of the bus?

"A  No sir, he was standing right side of me.

"Q  He was standing by the side of you?

"A  With a six-shooter in my side."

Tommy Heads, a passenger in the bus, testified in part as follows:

"Q  Now, do you see in the courtroom today that first man?

"A  Yes sir.

"Q  Would you point him out, please?

"A  Right there.

"Q  You are talking about the man in the sweater?

"A  Yes_sir.

"Q  Let the record reflect that the witness pointed out the defendant, John Milton Bradley. Now, is he the man who had the gun?

"A  Yes_sir.

"Q  Is there any doubt in your mind that that's the man that came in and asked for the money and had the gun? Did you understand me? Is there any doubt in your mind that that's the person that robbed Mr. Post?

"A  Yes_sir.

"Q  Is there—Yes, there is a doubt or no, there is not a doubt?

"A  He is the one, yes_sir.

"Q  You are sure of that?

"A  Yes_sir."

■ The evidence is sufficient to warrant the finding of the jury that the appellant was the person who committed the robbery alleged.

■ The appellant assigns as error the admission of the testimony of Officer Baker on the question of his probation. On the election of the appellant to have the jury assess the punishment, Baker was called as a witness. The only portion of his testimony complained of was:

"Q  Do you know the defendant, John Milton Bradley?

"A  Yes_sir, I do.

"Q  Do you know his—that is just a yes or no question: do you know his reputation in the community in which he lives and among the persons with whom he associates as to whether or not he is a peaceful and law-abiding citizen? Do you know that reputation?

"A  Partially, yes_sir.

"Appellant's Attorney: Well, if he doesn't know it, he just doesn't know it. I don't think he is qualified to answer, Your Honor. He said partially.

"The Court: You may proceed.

"Q  (State's Attorney) Is that reputation good or bad?

"A  It is not good."

After the state had concluded its testimony, the appellant in the absence of the jury made the following motion:

"Appellant's Attorney: Your Honor, I move for a mistrial. I think it is improper evidence to put on before this jury, that partially. He didn't know. I don't think it is proper to submit it to the jury and I move for a mistrial.

"The Court: Overruled.

"Appellant's Attorney: Note my exception."

The observations of the appellant as to the qualifications of the witness did not constitute any objection.

No motion was made to strike the answer of the witness or to instruct the jury not to consider it. No request was made to take the witness on voir dire to determine his knowledge of the matter inquired about. The refusal to declare a mistrial was not error.

The judgment is affirmed.

Opinion approved by the Court.