**Richard DRAKE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40338.**

Court of Criminal Appeals of Texas.

May 10, 1967.

J. Rodney Brister, Dallas, for appellant.

Henry Wade, Dist. Atty., Tom Reese, Charles Caperton and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is robbery; the punishment, life.

Trial was before a jury on a plea of not guilty. The jury having found him guilty, appellant requested that the jury assess the punishment.

The sole ground of error set forth in appellant's brief is:

"The Trial Court erred in refusing to sustain the defendant's objection to certain harmful and prejudicial testimony which was used by the State to Identify the defendant."

The witness E. J. Carter, the person named in the indictment as having been robbed, positively identified appellant as the man who robbed him of $72.00 in the rest room at the Brown Derby Cafe in Dallas about 1:30 A.M. on April 3, 1966.

The brief reflects that the ground of error relates to the following examination of state's witness Robert Simmons, Special Policeman on duty at the cafe.

"Q. All right, on the night of April the 3rd, 1966, were you a special policeman at the Brown Derby Cafe?

"A. I was.

"Q. All right, would you tell us what, if anything, of an unusual nature occurred that evening?

"A. Mr. Carter came out of the restroom bleeding and I grabbed him and asked him what happened and he said a man robbed him, knocked him in the head.

"Q. Did he tell you how much money he robbed him of?

"A. He did.

"Q. How much was that?

"A. He didn't know precisely how much but he described a fifty dollar bill, a twenty and some ones, that's what he told me.

"Q. A fifty and twenty and some ones?

"A. That's right.

"Q. All right, and then did he give you a description of the man?

"A. He did.

"Q. All right, do you see that man he described in this courtroom?

"MR. BRISTER: Object to that, Your Honor.

"WITNESS: I do.

"MR. BRISTER: He's going to identify this man on the description that was given to him two months ago.

"MR. CAPERTON: I'll withdraw it.

"Q. Do you see the man in the courtroom today?

"A. I do.

"Q. Would you point him out for the jury, please?

"A. Sitting right on the end over there.

"Q. All right, at the time that he described him did he look like he does today?

"A. Well, no, during the time he was wearing a beard then.

"Q. All right, this Defendant was wearing a beard?

"A. He was."

The question to which appellant objected without stating any ground therefor was withdrawn.

There was no motion to have the jury instructed to disregard the answer and no ruling by the court is reflected. Bradley v. State, Tex.Cr.App., 409 S.W.2d 863.

The testimony of the police officer which follows the answer to the question which was withdrawn was introduced without objection. Huggins v. State, 163 Tex.Cr.R. 522, 293 S.W.2d 779.

The judgment is affirmed.