**Jack L. FORRESTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43553.**

Court of Criminal Appeals of Texas.

Dec. 16, 1970.

Rehearing Denied Feb. 10, 1971.

Marvin Foster, San Diego, for appellant.

F. T. Graham, Dist. Atty., and Joel William Ellis, Asst. Dist. Atty., Brownville, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is embezzlement; the punishment, seven (7) years, probated.

Appellant, an attorney at law, was employed by the Western & Southern Life Insurance Co. of Ohio to represent them in foreclosing a certain lien on property in Cameron County, Texas. During the course of such employment, appellant secured from the company a release of their lien on the property upon the representation to the company that he had made arrangements with the mortgagor to pay off the indebtedness which he, in turn, would transmit to the company. Relying upon this representation, the company furnished the release of the lien. The release was used by the appellant to secure from the attorney for the mortgagor a certain check in the sum of $20,987.03, which by surreptitious and circuitous means he converted to his own use.

The only evidence offered by the appellant was that he had said that he was going to pay the company back what they had lost.

Appellant's first ground of error is that the court erred in overruling his motion to strike the second count of the indictment.

This contention is based upon a statement in the briefs that at a prior trial, which resulted in a hung jury at the hearing on punishment, the court had only submitted the first count of the indictment in his charge to the jury and the jury had found him guilty at the guilt stage of the trial. He reasons from this that the failure of the court to submit count two operates as an acquittal under that count. We need not pass upon this contention because at the present trial only the first count of the indictment charging embezzlement was again submitted in the court's charge.

■ Appellant's second ground of error is that the court erred in refusing to instruct a verdict of not guilty. He assigns several reasons.

He states: " * * * that the evidence showed that any offense committed, could not have been any offense other than that of theft or embezzlement by bailee, and the offense sought to be charged in Count One was embezzlement by Attorney at Law."

He cites no authority and does not amplify. The State cites Stephenson v. State, 135 Tex.Cr.R. 384, 135 S.W.2d 1005. We conclude that Stephenson should here control. Stephenson was an attorney at law and he embezzled funds belonging to his client Forney. There the Court said he was a trusted agent and attorney for Forney and by virtue of his employment he came into possession of the check which was but the means by which he obtained the money and this money he converted to his own use and benefit.

■ Appellant's ground of error number three is that the court failed to respond to fourteen specific objections to the court's charge. He set them out only by reference. This we have construed is not a sufficient presentation of a ground of error under Vernon's Ann.C.C.P. article 40.09, Sec. 9. Appellant's ground of error number four, also not supported by authority, is that the court erred in failing to submit

ten requested charges. This, likewise, is not specific enough to require a discussion.

His last ground of error relates to the order of the court in granting probation wherein he required that the appellant make restitution of the $20,642.03. This is, again, without citation of authority or without discussion. We have examined this entire record with care and find the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.