**Henry MOON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43562.**

Court of Criminal Appeals of Texas.

March 24, 1971.

John W. Overton, Houston, Court appointed on appeal, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Frank Price, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for unlawful possession of a narcotic drug, to-wit: marijuana. The jury found that appellant had previously been convicted of an offense of like character and of the same nature, and assessed his punishment at 20 years.

By his first ground of error appellant contends he was prejudiced and denied a fair trial when the trial court continued to question the attorney for the state about a question he asked which elicited the answer that marijuana was a "stepping stone to taking heroin."

The record reflects that the State's attorney was questioning Peter Christian, Jr., a chemist and toxicologist with the Houston Police Department, when the following occurred:

"Q. What effect does marijuana have on a person that smokes it?

"A. Well, it has numerous effects on a person. Hallucinations, delirium, it could cause vomiting, dizziness, put one in the state of timelessness, lose perspective of time.

"Q. Is marijuana considered a stepping stone to—

"MR. BLAINE: Your Honor, I object to this, as to whether or not marijuana may be considered a stepping stone.

"THE COURT: I didn't get the question. What was the question?

"MR. PRICE: Is marijuana a—more or less of a stepping stone to—

"THE COURT: A stepping what?

"MR. PRICE: A stepping stone to taking heroin.

"THE COURT: I'll sustain it.

"Q. (By Mr. Price) *Who* people smoke marijuana usually advance to taking a narcotic such as heroin?

"MR. BLAINE: Your Honor, I'm going to object to that.

"THE COURT: That's sustained."

■ Appellant did not request the court to instruct the jury to disregard the questions, nor did he move for a mistrial. He was granted all the relief asked for when objections were sustained. Jenkins v. State, Tex.Cr.App., 435 S.W.2d 505; Drake v. State, Tex.Cr.App., 415 S.W.2d 184; Bradley v. State, Tex.Cr.App., 409 S.W.2d 863. It is clear that the court did not understand the incomplete question when objection was made. Byrd v. State, Tex. Cr.App., 421 S.W.2d 915. No error is shown.

■ Next, appellant contends the court erred by permitting witness Christian to give an opinion calculated to inflame the minds of the jurors when asked: "And what can become of a person who becomes addicted to marijuana?"

Regarding this contention, the record reveals:

"Q. I believe you stated that regardless of what report Mr. Blaine is talking about, all the study that you have done, all of the different books, pamphlets, medical books, et cetera, indicates that marijuana is addictive, is that correct?

"A. That is correct.

"Q. And what can become of a person who becomes addicted to marijuana?

"MR. BLAINE: Your Honor, that would be speculation on the part of this witness, what can become of a person, he may go on and become president of the United States, I don't know.

"THE COURT: Come around here, please.

(Whereupon attorneys for both sides approached the Bench and had a conversation out of the hearing of the jury and this reporter.)

"Q. (By Mr. Price) Mr. Christian, what does become of a person who becomes addicted to marijuana?

"A. As to why a person becomes addicted, I don't know.

"Q. What does become of him after he becomes addicted to marijuana?

"A. He tends to want more and more and looking for the effect that marijuana does give him and very possibly can go on to heroin or morphine, still looking for the same thing.

"MR. PRICE: Pass the witness.

"RECROSS EXAMINATION
By Mr. Blaine

"Q. Mr. Christian, that is just as true as the fact that I smoke a Salem cigarette, is it not?

"A. Well, sir, to go on heroin you don't have to smoke marijuana. You're quite right. You can go directly to heroin right now.

"Q. Right. If I were to smoke marijuana, it doesn't mean that I would go on to use heroin?

"A. That is correct.

"Q. Right. In fact, really, the effects of the two different drugs are quite different upon a person?

"A. Yes, sir.

"Q. Marijuana—heroin, we recognize as being what we call a hard narcotic? Isn't that true?

"A. Commonly referred to as 'the hard stuff.'

"Q. Correct.

And they don't refer to marijuana as that?

"A. No, sir."

Clearly, the question "what *can* become of a person * * *," was never answered. The question answered was: "Mr. Christian, what *does* become of a person * * *?" (Emphasis added) No objection was made to this question, nor was there a request made for the court to instruct the jury to disregard the question; hence, no error is shown. Jenkins v. State,

supra; Ellis v. State, Tex.Cr.App., 379 S.W.2d 342.

Lastly, appellant claims error when his retained counsel withdrew an objection "in the interest of time." He does not specify what objection was withdrawn, nor where it can be found in the statement of the facts, therefore no error is preserved under Art. 40.09, Sec. 9, Vernon's Ann. C.C.P. See Forrester v. State, Tex.Cr. App., 462 S.W.2d 280; McElroy v. State, Tex.Cr.App., 455 S.W.2d 223.

The judgment is affirmed.