**Clifford MORRISON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48079.**

Court of Criminal Appeals of Texas.

May 1, 1974.

Rehearing Denied May 22, 1974.

John R. Foster, Del Rio, for appellant.

John F. Pettit, Dist. Atty. and Edwin E. Springer, Asst. Dist. Atty., Del Rio, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of burglary. Punishment was assessed by the court at seven years.

Appellant contends by his first ground of error that the trial court erred in admitting items taken from his apartment. Since the reasonableness of seizure must be decided upon the facts of the case, they will be outlined first.

On September 5, 1971, sometime after midnight, a men's clothing store in Del Rio was broken into, and between eight and ten thousand dollars worth of merchandise was taken.

Three days later, on September 8, 1971, Sheriff McCourt went to Laughlin Air Force Base to remove Edgar Heard, a trespasser. Upon questioning, Heard indicated some knowledge of the burglary. Heard then led McCourt to appellant's apartment at 102 West 10th Street to see if some of the merchandise stolen in the burglary was at the house. Heard said that appellant had given him (Heard) permission to use the apartment since he was out of town.[1] But since Heard did not have a key to the apartment, the landlady had to unlock the door in order for them to enter.

Upon entering the apartment, McCourt saw some clothing in plain view which was subsequently seized and proved to be some of that taken in the burglary, and identified as various State's exhibits.

He then left the apartment to secure a search warrant, and upon his return showed the search warrant to Miss Dahnert, who then again let the officers inside.[2] A large quantity of clothing, identified by Dobkins as the merchandise stolen from his store, was then seized. Appellant was arrested on September 14th at the apartment.

The initial entrance by McCourt upon appellant's apartment was at the invitation of Heard, who was authorized by appellant to have temporary use of the premises.

The rule is that third persons can consent to searches of premises which they exercise control over and have authority to use. It is a question of fact whether the consenting party has the right to use and occupy a particular area to justify his permitting officers to search that area. See generally Frazier v. Cupp, 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969); Lowery v. State, 499 S.W.2d 160 (Tex.Cr.App. 1973).

---

1. Appellant testified denying this.

2. The State concedes that the search warrant in question was invalid, so its validity need not be discussed further.

In the case at bar, the trial court found at the close of the evidence that Heard previously had been to appellant's apartment on at least one occasion and that he had permission to use the apartment during appellant's absence; that Heard returned on the day of the seizure to retrieve personal belongings he had left there earlier, and that McCourt was present at Heard's invitation. The court further found that upon entering the apartment the stolen merchandise subsequently seized was observed by McCourt in plain view. Appellant's own testimony indicates that Heard had previously been to his apartment as a guest. The evidence shows that Heard had a key to appellant's room on the Laughlin Air Force Base at the time he was arrested. We conclude that the trial court heard sufficient evidence to support its findings.

Furthermore, the fact that the articles in question were removed from appellant's apartment during Sheriff McCourt's subsequent visit does not change the result reached herein. This is so because Heard accompanied McCourt back to appellant's apartment upon this second trip, thus allowing the consent originally given to carry over during the intervening time span of approximately four hours.[3] The seizure of evidence observed in plain view by an officer who is lawfully in the place from which he observes the items seized is not unreasonable.[4]

Appellant contends by his second and final ground of error that the trial court erred by admitting into evidence his written confession. His argument is based entirely upon the proposition that the fruits of the illegal seizure induced and thereby tainted the confession. Having

found the seizure lawful, appellant's argument is clearly without merit.

Finding no reversible error, the judgment is affirmed.

not in plain view of the officers. If only a portion of offered evidence is inadmissible, a defendant must make an objection properly directed to the objectionable portion. Here the evidence was apparently considered as one unit, and as such found to have been in plain view.

---

3. Sheriff McCourt testified that he left guards at appellant's apartment while he went to secure his search warrant. Miss Dahnert corroborated his testimony in this respect.

4. Appellant has not urged, nor does the record reflect, that some of the seized evidence was