**James Roy LABOME, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–81–031–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 12, 1981.

Allen C. Isbell, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C. J., and JUNELL and PRICE, JJ.

JUNELL, Justice.

This is an appeal from a conviction for burglary of a habitation with intent to commit theft. Appellant was indicted and convicted as a second offender. A jury assessed punishment at confinement in the Texas Department of Corrections for 25 years.

Counsel for appellant raises a single ground of error on appeal, contending that the conviction should be reversed because at the punishment hearing the State failed to prove that appellant is the person convicted in one of four judgments and sentences contained in State's Exhibit 9, a packet of penitentiary papers.

During the punishment stage of trial the State introduced a penitentiary packet from Texas Department of Corrections (State's Exhibit 9) which includes judgments and sentences against a James Ray LaBone (sic), in Cause Nos. 8362 for burglary, 8261 for burglary of a coin operated machine, and 8260 for burglary, all in Brazoria County, and against James Roy LaBome in Cause No. 158635 for shoplifting in Harris County. The penitentiary packet includes attestation by the Record Clerk of Texas Department of Corrections that the four judgments and sentences, fingerprints, and photographs of James Ray LaBone (sic), TDC No. 219534, contained in the packet are true and correct copies of the originals on file in his office. The certification page also contains certificates of the presiding judge of the county court and clerk of the county court, Walker County, Texas. The final page of the penitentiary packet contains the fingerprints of James Ray LaBone (sic), No. 219534, and lists the following crimes: "Burg Coin Opr Mach (1)" and "Burg (2)." The fingerprint page contains no reference to the shoplifting conviction in Cause No. 158635. Deputy Donald Eugene Easton, a fingerprint expert, testified for the State that the fingerprints found in State's Exhibit 9 were taken from the same person as those fingerprints taken from appellant on the day of trial and in evidence as State's Exhibit 12.

It is undisputed that the certification of the penitentiary packet meets the statutory requirements of article 3731a, section 4, Texas Revised Civil Statutes Annotated (Vernon Supp. 1980–81). Moreover, appellant does not dispute that the evidence is sufficient to prove that appellant is the person convicted in Cause Nos. 8260, 8261, and 8262, the last of ·which is the prior conviction alleged in the enhancement paragraph of the indictment. Appellant does contend, however, that the fingerprint identification evidence does not link him with the conviction for shoplifting in Cause No. 158635 and that the jury's consideration of that conviction in assessing punishment constitutes reversible error.

■ It is incumbent upon the State to show by independent testimony that appellant was the person previously convicted. *Vessels v. State*, 432 S.W.2d 108 (Tex.Cr. App.1968). A prior conviction alleged for enhancement may be established by certified copies of the judgment and sentence and records of the Texas Department of Corrections including fingerprints of the defendant, supported by expert testimony identifying them as identical with known prints of the defendant. *Id.*

In *Stearn v. State*, 571 S.W.2d 177 (Tex. Cr.App.1978) the Court of Criminal Appeals held that a penitentiary packet containing records of a past conviction forwarded from California were sufficiently identified to be those of Stearn in that they were in the same packet and reflected Stearn's name and prison number.

The State's identification of this penitentiary packet is based on the fingerprint page, which designates the crimes for which appellant was convicted in Cause Nos. 8260, 8261 and 8262 but does not list the shoplifting conviction in Cause No. 158635. In addition, the spelling of the name on the judgment and sentence in Cause No. 158635 differs from the spelling of the name on the certification page and the other three judgments and sentences; and the judgment and sentence in Cause No. 158635 does not reflect the prison identification number which appears on the certification and fingerprint pages. Unlike *Stearn*, the judgment and sentence for Cause No. 158635 do not reflect appellant's name and prison identification number. In light of the numerous variances in the penitentiary packet we cannot say that the judgment and sentence in Cause No. 158635 is sufficiently identified to be that of appellant. However, for the reasons set out below, that error, if any, has not been preserved for review by this court.

■ As a general rule, an objection that the proper predicate has not been laid is too general and does not merit consideration. *Canada v. State*, 589 S.W.2d 452 (Tex. Cr.App.1979); *Boss v. State*, 489 S.W.2d 582 (Tex.Cr.App.1972). Furthermore, if only a portion of offered evidence is inadmissible, objection must be properly directed to the objectionable portion. *Morrison v. State*, 508 S.W.2d 827 (Tex.Cr.App.1974). A general objection directed to evidence, a part of which is admissible, is insufficient to preserve error. *Ellard v. State*, 509 S.W.2d 622 (Tex.Cr.App.1974); *Alvarez v. State*, 536 S.W.2d 357 (Tex.Cr.App.1976).

■ When the State offered Exhibits 9 through 11 into evidence, defense counsel objected that "the proper predicate for the introduction has not been laid." In our opinion appellant's objection is a general objection and does not place the trial court on notice as to appellant's specific complaint, nor does it point out the objectionable portion of the otherwise admissible evidence. We therefore overrule appellant's ground of error and affirm the judgment of the trial court.

In addition to the brief filed by counsel for appellant, appellant has filed several pro se motions and briefs. There is no right to hybrid representation in Texas. *Rudd v. State*, 616 S.W.2d 623 (Tex.Cr.App.1981). Appellant's pro se briefs present nothing for review. We have, however, examined the contentions asserted therein and find no error that should be considered in the interest of justice.

We affirm the judgment of the trial court.