**Billy RICHARDS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14-81-577CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 18, 1982.

Rehearing Denied March 11, 1982.
Discretionary Review Refused
June 2, 1982.

Allen C. Isbell, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and PRICE, JJ.

JUNELL, Justice.

This appeal is from a conviction for aggravated robbery. The jury also found that appellant on two previous occasions had been convicted of felonies; thus, the sentence was life imprisonment.

Appellant presents five grounds of error, all complaining of the trial court's erroneous admission of certain evidence. We affirm.

Michael Geiger, the complainant, testified that on Thursday morning March 6, 1980, he was robbed at gun point as he was entering a restaurant where he worked as a manager. He had been to the bank to secure funds for operating the business that day. Appellant was arrested on March 26, 1980, and thereafter in a lineup was identified by the complainant as the person who had robbed him. The complainant also made an in-court identification of the appellant. The defense was alibi, based on the testimony of Elroy Williams. Williams testified in substance as follows:

He owned Williams Tree and Landscape Service and appellant was one of his employees. During the entire day of March 6, 1980, the day of the offense, appellant worked with him in performing a job at Braeburn Valley Country Club. They were picking up wood they had cut some time in February. Williams was able to determine he worked at Braeburn Valley Country Club on March 6 because he had been on jury duty at the Harris County Court House on March 4 and 5 and recalled that the work at Braeburn Valley Country Club was the next two days after his release from jury service.

Appellant's first ground of error complains of the prosecutor's impeachment of Williams by getting into evidence statements allegedly made by Earl Tarrant, an unavailable and non-testifying witness. This ground of error is vague and general; it does not complain of the admission of any particular hearsay statement allegedly made by Tarrant. We have carefully reviewed all of the testimony of Williams. It does contain a number of questions in which

the prosecutor asked what Tarrant had said to Williams on a number of different matters. It also contains a number of statements by Williams concerning statements made to him by Tarrant, some of which were responsive, and some not responsive, to the question asked. This testimony covers about 15 pages in the transcript and no hearsay objection was made until all of the evidence was in. Having made no timely objection, appellant waived any right to complain on appeal. *Sanne v. State*, 609 S.W.2d 762, 763, 772 (Tex.Cr.App.1980); *LeJeune v. State*, 538 S.W.2d 775, 780 (Tex.Cr.App.1976). He has not preserved anything for review under his first ground of error.

■■ In his second ground of error appellant claims error in the prosecutor's impeachment of Williams by getting into evidence hearsay in the form of records at Braeburn Valley Country Club. In his brief of argument under this ground of error it appears appellant is really complaining, in part, of the following question by the prosecutor: "Does it surprise you at all, sir, that Braeburn Valley Country Club doesn't have any record of that work of yours after the first week of February? Does that surprise you at all?" Before any objection was made, Williams answered, "No. No, it don't." Then the appellant's attorney objected, "Your honor, I will object to this line of questioning nothing like this is in evidence; testifying facts or stated facts before the jury. That is not in evidence, sir."

Later in his testimony Williams explained that he did not send Braeburn Valley Country Club a separate bill for picking up the wood and that he customarily billed the club at the time he cut the wood. The bill he sent at the time he cut the wood would include the charge for picking it up. He also later testified without objection that under such circumstances Braeburn Valley Country Club would not have a record showing he worked there on March 6, 1980.

On this record we hold that appellant has not shown any harm resulting to him from the question asked by the prosecutor. When evidence, even inadmissible hearsay, is not prejudicial, reversal is not required.

*Compton v. State*, 607 S.W.2d 246 (Tex.Cr.App.1979).

Also in his brief of argument under ground of error number two appellant complains of the testimony of John S. Gray Jr., an investigator for the District Attorney's office. Gray testified that he went to Braeburn Valley Country Club to find out what record they had of work done by Williams during March of 1980, that they furnished him two bills showing work in April, 1979, and January, 1980, and these bills were the only documents they could provide at the time.

■ Although appellant tries to complain on appeal of the testimony of Gray, he made no objection at all to any of the testimony from Gray. Having failed to make any objection thereto, appellant has waived any right to complain on appeal and has preserved nothing for review. *Sanne v. State*, 609 S.W.2d 763. Ground of error number two is overruled.

Under his third, fourth and fifth grounds of error appellant presents the contention that the State failed to establish the necessary predicate for the admission in evidence of State's Exhibit No. 3 as a business record exception to the hearsay rule.

Williams, appellant's alibi witness, testified he and appellant worked together on March 6, 1980, the day of the offense. Williams was aided in his ability to recall the activities of March 6 by the fact that he had served as a juror on the two previous days, March 4 and 5.

Brenda Jouberd, a jury assembly room employee of Harris County, identified State's Exhibit No. 3 as being records from her office which showed Williams served as a juror on March 3 and 4, not March 4 and 5. Exhibit No. 3 consisted of four pages, as follows:

*Page 1*—a check-in list of all jurors, a circle being placed around the juror's name as each juror comes in.

*Page 2*—a copy of the check dated March 4, 1980, payable to Elroy Williams for two days jury service.

*Page 3*—a printout received in the witness Jouberd's office from the county data processing service showing all checks issued during March, 1980, with the jurors' names in alphabetical order, showing each check number and each juror's name.

*Page 4*—a copy of a register that Jouberd said "we have to print up after each check that we print up."

Jouberd testified she was the custodian of these records and it was the normal course of business to keep such records and for a person with personal knowledge of the events being written down to make the entries in those records.

Appellant's only objection to the admission of State's Exhibit No. 3 was that "proper predicate has not been laid." For a number reasons we hold there was no error in the admission of such records. Objection that proper predicate has not been laid is too general and it is insufficient to preserve error. *Paige v. State*, 573 S.W.2d 16 (Tex. Cr.App.1978); *Canada v. State*, 589 S.W.2d 452 (Tex.Cr.App.1979); *LaBome v. State*, 624 S.W.2d 771 (Tex.App. Houston [14th Dist.] 1981). Also, appellant concedes that page one of State's Exhibit No. 3 was admissible as a business record under Tex. Rev.Civ.Stat.Ann. art. 3737e (Vernon Supp. 1980–81) as the testimony of Brenda Jouberd specifically covered all of the requirements of that statute. If only a portion of offered evidence is inadmissible, an objection must be properly directed to the objectionable portion. *LaBome v. State*, 624 S.W.2d 771; *Morrison v. State*, 508 S.W.2d 827 (Tex.Cr.App.1974). A general objection directed to evidence, a part of which is admissible, is insufficient to preserve error. *Ellard v. State*, 509 S.W.2d 622 (Tex.Cr. App.1974); *Alvarez v. State*, 536 S.W.2d 357 (Tex.Cr.App.1976).

Appellant has filed a *pro se* brief in which he attempts to present fourteen grounds of error. Appellant is represented by counsel who filed a brief in this case. There is no right to hybrid representation. *Rudd v. State*, 616 S.W.2d 623 (Tex.Cr.App. 1981); *Landers v. State*, 550 S.W.2d 272 (Tex.Cr.App.1977). The *pro se* brief therefore presents nothing for review. However, we have examined the contentions asserted therein and, on the record before this court, find no error that should be considered in the interest of justice.

The judgment is affirmed.