David M. Stagner, Rim Nall, Nall, Stagner & Pelley, Sherman, for appellant.

Ernest E. Figari, Jr., Thomas A. Graves, Sheri Turner Alexander, Johnson & Swan-son, Alan S. Loewinsohn, Dallas, for appellee.

Before STEPHENS, MALONEY, and DEVANY, JJ.

STEPHENS, Justice.

In obedience to the Supreme Court's opinion of March 6, 1985 in Cause Nos. C–3248 & C–3393, the opinion of this court in *Gaynier v. The Honorable Dee Johnson*, issued May 15, 1984, and appearing at 673 S.W.2d 899, is hereby withdrawn, and any orders issued thereunder are hereby declared null and void.

**Phillip Charles MELANCON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. B14–84–338–CR.

Court of Appeals of Texas, Houston (14th Dist.).

April 4, 1985.

Clyde F. DeWitt, III, Houston, for appellant.

John B. Holmes, Dist. Atty., Calvin A. Hartmann, Asst. Dist. Atty., Don Clemmer, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.

OPINION

PAUL PRESSLER, Justice.

This is an appeal from a conviction of burglary of a motor vehicle.

Complainant confronted appellant as he was exiting complainant's car which was parked directly below complainant's apartment. After he handcuffed appellant, complainant noticed that several items were in the car which did not belong to him and that a stereo speaker had been removed.

Complainant called a security guard and police officers who arrested appellant.

Appellant pled "not guilty" to the charge. A jury found him guilty and assessed punishment, enhanced with one prior felony conviction, at twenty years in the Texas Department of Corrections. We affirm.

■ Appellant presents four grounds of error. In the first, he argues that the indictment is fundamentally defective because it does not include a description of the vehicle which was allegedly burglarized. However, appellant did not file a motion to quash the indictment. In the absence of such a motion, the only defect which may be raised properly for the first time on appeal is that the indictment fails to allege the constituent elements of the offense as defined by statute. *Reynolds v. State*, 547 S.W.2d 590, 591 (Tex.Crim.App. 1976); *American Plant Food Corporation v. State*, 508 S.W.2d 598, 604 (Tex.Crim. App.1974); *Betancourt v. State*, 657 S.W.2d 451, 456 (Tex.App.—Corpus Christi 1983, pet. ref'd); TEX.CODE CRIM.PROC. ANN. art. 27.08 (Vernon 1966).

■ A person commits the offense of burglary of a vehicle if, without the effective consent of the owner, he breaks into or enters a vehicle or any part of it with intent to commit any felony or theft. TEX. PENAL CODE ANN. § 30.04 (Vernon 1974). The indictment charged that appellant did "with intent to commit theft, break and enter a vehicle owned by (complainant) ... without the effective consent of the complainant ..." The indictment contains all the essential elements enumerated in § 30.04. The description fulfills the requirement that if known, personal property alleged in an indictment shall be identified by name, kind, number and ownership. TEX.CODE CRIM.PROC.ANN. art. 21.09 (Vernon Supp.1984). The indictment should have been more specific in its description of the vehicle; however, it was sufficient to apprise appellant of the charge against him. *See Inman v. State*, 650 S.W.2d 417, 420 (Tex.Crim.App.1983) (en banc); *Wood v. State*, 632 S.W.2d 734,

736, 737 (Tex.Crim.App.1982); *Gaines v. State*, 501 S.W.2d 315, 317 (Tex.Crim.App. 1973). The first ground of error is overruled.

In his second ground of error, appellant contends that the jury charge is fundamentally defective in that it instructs the jury on a theory not alleged in the indictment. Burglary of a vehicle is committed when one "breaks into or enters a vehicle or any part ..." TEX.PENAL CODE ANN. § 30.04 (Vernon 1974). The indictment alleges that appellant did "break and enter." The judge instructed the jury that a person commits an offense if he "breaks into or enters a vehicle." In the application portion of the charge, the judge included in the instruction: "with intent to commit theft, break or enter a vehicle ..." Appellant did not object to the jury charge at trial. He now contends that "break" is not sufficient to convey the same meaning as "break into."

■ When appellant alleges error in the jury charge, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that defendant has not had a fair and impartial trial. TEX.CODE CRIM.PROC.ANN. art. 36.19 (Vernon 1981). If no proper objection was made at trial, the accused must claim fundamental error. There will be a reversal only if the error is so egregious and creates such harm that "he has not had a fair and impartial trial—in short 'egregious harm' ... The actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1985) (en banc). Given an egregious error, the general definition of fundamental error in a charge is whether the error was "calculated to injure the rights of the appellant *to the extent that* he has not had a fair and impartial trial." *Almanza v. State*, citing

*Ross v. State,* 487 S.W.2d 744, 745 (Tex. Crim.App.1972).

■ The evidence clearly showed that appellant did break *into* the automobile. He was apprehended by complainant as he exited the vehicle. Appellant had a screwdriver in his hand and others in his pocket. Complainant also found a glove and flashlight, neither of which belonged to him, on the seats. He also found a stereo speaker which had been removed from the car in the floorboard. Complainant's testimony was corroborated by his roommate who also identified appellant as the man the complainant apprehended. Complainant testified he did not give appellant permission to enter the car or take anything from it. A security guard and police officers who subsequently arrived at the scene identified appellant as the person apprehended by complainant and arrested that evening. Reading the entire charge, we find that the judge adequately instructed the jury as to the necessary elements of the crime and defined the necessary terms. Considering the evidence, arguments to the jury and its instructions, the jury could not have been misled by the charge. Appellant was not harmed by the omission of the word "into" in one part of the charge. The second ground of error is overruled.

In the third ground of error, appellant alleges that the trial court erred by failing to grant a mistrial during jury selection when the prosecution in effect told the jury panel that appellant was a convicted felon. The voir dire of the jury is not in the record; appellee points out in his brief that appellant did not request a court reporter to record the voir dire examination. Appellant filed a formal bill of exceptions and a hearing was held. After the hearing, the court made several qualifications to the bill of exceptions:

(1) The prosecutor qualified the jury panel as to the maximum punishment for a burglary of a motor vehicle (ten years).

(2) The prosecutor qualified the jury panel in a hypothetical case as to the maximum punishment for the offense with proof of a prior offense (twenty years).

(3) The prosecutor stated during voir dire, "I am going to ask for twenty years in this case."

(4) Appellant's attorney did not object to that statement; hence, it was never ruled on by the court.

(5) A few minutes after the statement was made, still during voir dire, appellant's attorney moved for a mistrial without stating the reasons why; the motion was denied.

■ The proper method for preserving error is to (1) make an objection, (2) request an instruction to disregard, (3) move for a mistrial. *Coe v. State,* 683 S.W.2d 431 (Tex.Crim.App.1984); *Kennedy v. State,* 520 S.W.2d 776, 778 (Tex.Crim.App.1975); *Duran v. State,* 505 S.W.2d 863, 866 (Tex.Crim.App.1974). For error to be preserved or prevented, appellant must make a timely objection at the first opportunity; otherwise, an untimely objection waives any error. *Marini v. State,* 593 S.W.2d 709, 714 (Tex.Crim.App.1980); *Turner v. State,* 642 S.W.2d 216, 217 (Tex.App.— Houston [14th Dist.] 1982, no pet.). Appellant did not object to the prosecutor's statement at the time it was made. He moved for a mistrial later, and with no explanation. Nothing is preserved on appeal for our review. Appellant's third ground of error is overruled.

■ Appellant filed a pro se brief and a supplemental pro se brief with this court in which he alleged that the indictment is fundamentally defective because the indictment reads in one part: "A person having a greater right to possession of the vehicle than the defendant and hereafter styled the complainant." Thus he claims that he was styled the complainant. Further, he points out that the indictment states that "Owner had a greater right to possession than the complainant." In actuality, owner and complainant are the same person. Thus, appellant claims the indictment does not specify the required elements of the crime and is confusing. Appellant is represented

by counsel who has filed a brief on his behalf. Appellant has no right to hybrid representation. *Rudd v. State*, 616 S.W.2d 623, 625 (Tex.Crim.App.1981); *LaBome v. State*, 624 S.W.2d 771, 773 (Tex.App.—Houston [14th Dist.] 1981, no pet). The pro se briefs present nothing for review. However, we have examined appellant's contentions in the briefs and find no error.

The judgment is affirmed.