**Willie SANDERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–84–679CR.**

Court of Appeals of Texas, Houston (14th Dist.).

May 16, 1985.

Reo Harris Jr., Houston, for appellant.

Frank Blazek, Dist. Atty., Huntsville, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an appeal from a judgment of conviction for aggravated robbery. A jury found appellant, Willie Sanders, guilty and assessed his punishment at fifty years in the Texas Department of Corrections. We affirm.

Appellant in his only ground of error asserts that the evidence was insufficient to support his conviction.

In a case involving a conviction on circumstantial evidence, the standard of appellate review is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Wilson v. State,* 654 S.W.2d 465 (Tex.Crim.App.1983) (en banc). The evidence is viewed in the light most favorable

to the verdict. *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984) (en banc).

At trial, Leon Belinowski, president of New Waverly State Bank, testified that on March 16, 1982, at approximately 11:30 a.m., several males "broke on the run through the front door." All of the robbers wore face masks. Belinowski said they waived pistols and yelled, "This is a holdup. Everybody get on the floor." He testified that one of the men vaulted over teller station number 2 and told him to "hit the floor." The man held a gun to Belinowski's face and demanded money. Belinowski testified that he could not see the gunman's face because of his mask. Belinowski asked a teller, Joan Hensley, to open the safe. The gunman knocked Hensley off her stool because she was too slow. Belinowski said the man forced him into the vault and then made him lie down on the floor next to his office.

Mary Wojcik, a bank bookkeeper, testified that she first heard the door being forced open and heard yelling. When she looked up she saw one of the men jump over teller station number 3. She was ordered to lie down and then ordered into the lobby. Wojcik testified that she did not see any faces of the robbers.

Detective Joe Nesmith of the Huntsville Sheriff's office testified that during his investigation within an hour of the robbery he found a white Dodge Reliance parked outside New Waverly, about one and one-half miles from the bank. Just outside the car, he found a bundle of money with a New Waverly State Bank strap dated March 12, 1982. He also found some loose currency, one package of five dollar bills, and a white cloth sack in the grass near the car.

Chief Deputy Ted Pearce of the Walker County Sheriff's Department testified that on March 22, 1982, he searched a Houston apartment and found a hand drawn floor plan of the New Waverly Bank which was torn in pieces, a mask, a money strap, and a deposit slip for that bank. He also testified that appellant was arrested in Houston at a different location in December, 1983.

Walter Pinegar, an investigator for the Walker County District Attorney, stated that on March 16, 1982, he lifted prints from the counter top of teller booth number two. He identified a State's exhibit as a photograph of a palm print found on the bank counter and explained the print was made as the person stood on the outside of the teller station. He also identified a similar exhibit as a photograph of a palm print made as the person was on the inside of the teller station, a place where no ordinary member of the public would be.

Charles McGinnis, a special agent with the Federal Bureau of Investigation, testified that he reconstructed the bits of paper found in the Houston apartment. After his reconstruction of the document he photographed it. This photograph was a State's exhibit which was identified by Belinowski as the floor plan of the New Waverly State Bank.

Jackie Bell, a fingerprint specialist at the Federal Bureau of Investigation, testified that he compared prints taken from the floor plan with appellant's prints and found that they were the same. He also found that the palm prints taken from both sides of the counter were appellant's. These prints were in the same location where, according to witnesses' testimony, one of the robbers jumped over the counter.

■ After reviewing the evidence in a light most favorable to the verdict, we find that any rational trier of fact could have found the essential elements of this aggravated robbery beyond a reasonable doubt. We find it reasonable that the jury in this case found appellant guilty given all the facts that point to his guilt. The evidence includes: (1) appellant's prints on both sides of the counter; (2) appellant's prints on the bank floor plan; (3) a mask similar to that used in the robbery found with the floor plan; (4) a money strap and a deposit slip also found with the floor plan. We cannot disturb the trial court's judgment.

■ Appellant has submitted a pro se supplemental brief. Appellant has no right to hybrid representation. *Rudd v. State*,

616 S.W.2d 623, 625 (Tex.Crim.App.1981), *La Bome v. State,* 624 S.W.2d 771 (Tex. App.—Houston [14th Dist.] 1981, no pet.). However, in the interest of justice we have considered appellant's pro se brief and find that it presents no error.

Accordingly, the judgment of the trial court is affirmed.